FILED
2005 May-19 AM 11:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SYLVIA VAUGHN, as Administratrix,** of the estate of **ANTHONY RYAN McLEMORE** | ] ] ] ] |
| **PLAINTIFF,** | ] ] |
| v. | ] Case No. CV-03-VEH-3052-S ] |
| **THE CITY OF ATHENS, et. al.,** | ] ] |
| **DEFENDANTS.** | ] |

## OPINION

This Court has before it the Defendant John Brown's Motion to Dismiss. (Doc. 18)

### I. Procedural History

Plaintiff Sylvia Vaughn, as the Administratrix for the estate of Anthony Ryan McLemore, the deceased, commenced this action on November 13, 2003, by filing a complaint in this Court alleging violations of 42 U.S.C. § 1983 (Count I); ALA. CODE § 14-6-105 (1975) (Count II); ALA. CODE § 6-5-410 (1975) (Count III); and asserting that while acting as an agent of the other co-defendants, John

Brown assaulted and battered Anthony Ryan McLemore (Count IV)**.**  The Plaintiff filed a complaint against the Defendants, City of Athens, Alabama, Wayne Harper, Tracy Harrison, Trevor Harris, and John Brown. On December 3, 2003, Defendant Brown filed this motion to dismiss[1] on the following grounds: (1) failure to state a claim upon which relief may be granted, (2) no cause of action exists against Defendant Brown for claims brought under 42 U.S.C. § 1983, (3) Defendant Brown cannot act under the "color of law" requirement of 42 U.S.C. § 1983, (4) the allegations set forth in the complaint asserting that this defendant "was the agent of the co-defendants" is unsupported by any substantiating facts in the complaint, is without merit, and fails to meet the heightened pleading standards required in actions brought under 42 U.S.C. § 1983, (5) no cause of action against Defendant Brown exists under ALA. CODE § 14-6-105 (1975), (6) Plaintiff's assault and battery claim is without merit, and (7) Plaintiff cannot seek damages from this Defendant under 42 U.S.C. § 1983 for the claimed wrongful death of the deceased.

## II.  Standard of Review

### A.  Motion To Dismiss

---

[1] The motions to dismiss filed by the other four remaining Defendants (City of Athens, Alabama, Wayne Harper, Trevor Harris, and Tracy Harrison) are the subject of separate pending motions to dismiss filed contemporaneously with the motion to dismiss regarding this Defendant.

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." Murphy v. FDIC, 208 F.3d 959, 962 (11th Cir. 2003) (quoting Kirby v. Siegelman, 195 F. 3d 1285, 1289 (11th Cir. 1999)). "Unless it appears beyond doubt that the Plaintiffs could prove no set of facts entitling them to relief, neither the complaint nor any count therein may be dismissed." Conley v. Gibson, 335 U.S. 41, 45-36 (1957); Harris v. Proctor & Gamble Cellulose, 73 F. 3d 321, 324 (11th Cir. 1996).

### III.  Allegations of Complaint[2]

The complaint alleges that "on August 18, 2002, Officer Trevor Harris arrested Anthony McLemore, and placed him in the Athens City Jail on the charges of Unlawful Possession of Controlled Substances, a felony." (Complaint, ¶ 11.) According to the complaint, "under Alabama law, a person cannot have a signature bond for a felony, and he must go through the county jail." (Complaint, ¶ 12.) The complaint alleges that "Anthony McLemore was already on probation at the time of his arrest." (Complaint, ¶ 13.) Plaintiff alleges that "the arrest violated the terms of Anthony McLemore's probation." (Complaint, ¶ 14.)

---

[2] The Court understands that the allegations set forth in the Complaint are strictly those of the Plaintiff. Given the standard of review, the Court must accept such allegations as true for the purpose of granting or denying a motion to dismiss.

Plaintiff also alleges that "Anthony McLemore's parole officer, Bruce Graham, was notified of Anthony McLemore's arrest." (Complaint, ¶ 15.) The complaint alleges that, "Bruce Graham placed a hold on McLemore, meaning he should not be released from the jail because of the terms of his parole." (Complaint, ¶ 16.) The complaint also alleges that, "the Defendants, Trevor Harris and Tracy Harrison of the Athens Police Department, worked out an agreement with Anthony McLemore where he agreed to cooperate by setting up a drug dealer, John David Brown." (Complaint, ¶ 17.) According to the complaint, "Anthony McLemore agreed to cooperate in exchange for leniency or not being charged." (Complaint, ¶ 18.) The Plaintiff alleges that, "Anthony McLemore has helped the Athens Police Department in the past on some drug cases in exchange for consideration." (Complaint, ¶ 19.) According to the complaint, "Anthony McLemore was released from the jail on his own recognizance; he did not have to post any bond." (Complaint, ¶ 20.) The complaint alleges that, "Harris and Harrison approved of McLemore's release." (Complaint, ¶ 21.) According to the complaint, "Bruce Graham never gave the Athens Police Department permission to release Anthony McLemore." (Complaint, ¶ 22.) Plaintiff alleges that, "Harris and Harrison sent Anthony McLemore to set up a buy from John Brown." (Complaint, ¶ 23.) According to the complaint, "Standard protocol is to search the

informant and then wire him. The informant is followed within a few blocks of the deal and the transaction is listened to in case something goes bad." (Complaint, ¶ 24.)

Plaintiff contends in her complaint that before McLemore was sent to "set up" the buy from Brown, the officers were warned that Brown would attempt to kill McLemore "for trying to set him up for criminal prosecution." (Complaint, ¶ 25.) The complaint alleges that the officers "ignored the warnings and sent Anthony anyway." (Complaint, ¶ 26.) The complaint alleges that no "arrangements were made to protect Anthony." (Complaint, ¶ 27.) Plaintiff alleges that McLemore was killed by Brown "on August 20, 2002, for trying to set him up." (Complaint, ¶ 28.) The complaint alleges that "John Brown was the agent of the co-defendants and/or they ratified his conduct." (Complaint, ¶ 49.)

## IV.  Applicable Substantive Law and Analysis

### A.  Liability of Defendant John Brown under 42 U.S.C. § 1983

The Plaintiff's federal claims for relief against Defendant Brown are based on 42 U.S.C. § 1983 . Title 42, § 1983 of the U.S. Code provides a mechanism for seeking redress for alleged deprivations of a litigant's federal constitutional and federal statutory rights by persons acting under color of state law. Title 42, § 1983 of the U.S. Code is not a federal right but rather affords a means for an injured

party to sue a state governmental official who may violate a constitutional or federal statutory right. Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal marks omitted).

In the complaint, the Plaintiff identifies the Defendant as the individual that killed Anthony McLemore. (Complaint ¶ 10). Unlike the factual support and characterization of the other defendants as government officials, such as the city, the police chief, or police officers, the Plaintiff does not provide facts to support a finding that Defendant Brown was a government actor. Since Defendant Brown was not a government actor, Defendant Brown was not capable of acting under color of state law. Therefore, any acts of Defendant Brown do not fall within the range of relief afforded by 42 U.S.C. § 1983.

In addition, the Plaintiff alleges that Defendant Brown was an agent of the Co-Defendants and/or they ratified his conduct. (Complaint at ¶ 45). The Plaintiff has not provided any factual detail as to the existence of this alleged agency relationship. Since the Plaintiff must allege with some factual detail as to how this Defendant was an agent of the other Co-Defendants, the failure to provide such factual details makes the Plaintiff's allegation insufficient to make out a claim upon which relief can be granted. CJR Investments, Inc. v. County of Escambia, 132 F.3d 1359 (11th Cir. 1998). Further, under Alabama law, the existence of an

agency relationship turns on the right of the alleged principal to control the behavior of the alleged agent. See Exparte Wild West Social Club, Inc., 806 So. 2d 1235, 1241 (Ala. 2001)("The test for agency is whether the alleged principal has retained a right to control over the actions of the alleged agent."); See also Gist v. Vulcan Oil Co., 640 So. 2d 940, 942 (Ala. 1994). The Plaintiff has provided no factual support to establish that Defendant Brown was controlled by the other defendants.

Based on the foregoing, Defendant Brown's motion to dismiss as to Plaintiff's 42 U.S.C. §1983 claims is due to be **GRANTED**. The Plaintiff's causes of action against Defendant Brown for violations of 42 U.S.C. §1983 (Count I and Count IV) are **DISMISSED**.

### B. Liability of Defendant John Brown under Alabama State Law §14-6-105

In the Complaint, Plaintiff raises a claim under ALA. CODE §14-6-105 (1975). The statute pertains to placing deputies, watchmen, or guards in a jail or prison to watch prisoners in confinement. The Plaintiff concedes that ALA. CODE §14-6-105(1975) does not apply to Defendant Brown. (Plaintiff's Opposition and Brief in Response to John Brown's Motion to Dismiss, ¶ 6). Defendant Brown's motion to dismiss as to Plaintiff's §14-6-105 claim is due to be **GRANTED**. The

Plaintiff's cause of action against Defendant Brown for violation of §14-6-105 (Count II) is **DISMISSED**.

### C. Liability of Defendant John Brown for Assault and Battery

The Plaintiff alleges that Defendant Brown assaulted and battered the Plaintiff (Count IV).[3] Defendant Brown moves this Court to dismiss the Plaintiff's assault and battery claims because such claims under Alabama statutory law would not survive the death of Anthony Ryan McLemore, as any unfiled cause of action for personal injury did not survive his death.  ALA. CODE  §6-5-462 (1975).

The Alabama Supreme Court has held that, under the statute ALA. CODE §6-5-462, (1975) "an unfiled tort claim does not survive the death of the person with the claim."  McDuffie v. Hopper, et al., 982 F.Supp. 817 (M.D. Ala. 1997)(quoting Malcolm v. King, 686 So.2d 231 (Ala.  1996)).  However, the statute has been held not to abate actions for wrongful death.  Mattison v. Kirk, 497 So.2d 120 (Ala. 1986), overruled on other grounds, King v. National Spa & Pool Inst., Inc., 607 So.2d 1241 (Ala. 1992).

---

[3] It is unclear whether the Plaintiff makes a claim for negligent training and supervision of police officers under §1983, or a claim for some type of constitutional violation based on some wrong by the Athens police which led to the death of Anthony Ryan McLemore.  If the Plaintiff's complaint seeks recovery under a §1983 claim, for the reasons set forth above, Defendant Brown has not been shown to be a municipal actor for the City of Athens to hold him accountable for a §1983 violation.

The Plaintiff has not presented any facts that personal injury claims based on assault and battery were filed prior to the death of Anthony Ryan McLemore. Therefore, this Court holds that Plaintiff's assault and battery personal injury claims, which were not filed at the time of Anthony Ryan McLemore's death, abated upon his death. Defendant Brown's motion to dismiss as to the assault and battery claims is due to be **GRANTED** to that extent. To the extent that the assault and battery claims refer to the death of Anthony Ryan McLemore, such claims are merged with the Plaintiff's wrongful death claim.

### D.  Wrongful Death

Plaintiff has asserted a wrongful death claim under ALA. CODE § 6-5-410 (1975) (Count III). As explained above in Section C, the Alabama survival statute has been held not to abate actions for wrongful death. Mattison v. Kirk, 497 So.2d 120 (Ala. 1986), overruled on other grounds, King v. National Spa & Pool Inst., Inc., 607 So.2d 1241 (Ala. 1992). Therefore, Plaintiff's sole claim arising out of McLemore's death in this action is a wrongful death claim under ALA. CODE § 6-5-410 (1975) which does survive the decedent's death.

### E.  Supplemental Jurisdiction Declined

All claims over which the Court has original jurisdiction are being dismissed. Pursuant to § 1367(c) the Court declines to exercise supplemental

jurisdiction over Count III (wrongful death under ALA. CODE §6-5-410 (1975)). Such claim is **DISMISSED** without prejudice.

### V.  Conclusion

Accordingly, the Court declines to exercise supplemental jurisdiction as to Plaintiff's wrongful death claim under Alabama wrongful death statute, ALA. CODE §6-5-410 (1975) and such claim is **DISMISSED** without prejudice.  For the reasons set forth above, the Defendant's motion to dismiss is due to be **GRANTED** as to Plaintiff's remaining claims.  This opinion shall be carried out by a separate Order.

**DONE** and **ORDERED** this 19th day of May, 2005.

                                                           **VIRGINIA EMERSON HOPKINS**
                                                           **United States District Judge**