# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SYLVIA VAUGHN, as Administratrix, of the estate of ANTHONY RYAN McLEMORE | ] ] ] ] |
| PLAINTIFF, | ] ] |
| v. | ] Case No. CV-03-VEH-3052-S ] |
| THE CITY OF ATHENS, et. al., | ] ] |
| DEFENDANTS. | ] |

## OPINION

This Court has before it the Defendant City of Athens, Alabama's ("City of Athens") Motion to Dismiss. (Doc. 9)

### I. Procedural History

Plaintiff Sylvia Vaughn, as the Administratrix for the estate of Anthony Ryan McLemore, the deceased, commenced this action on November 13, 2003, by filing a complaint in this Court alleging violations of 42 U.S.C. § 1983 (Count I); ALA. CODE § 14-6-105 (1975) (Count II); ALA. CODE § 6-5-410 (1975) (Count III); and asserting that while acting as an agent of the other co-defendants, John Brown assaulted and battered Anthony Ryan McLemore (Count IV). The Plaintiff filed a complaint against the Defendants, City of Athens, Alabama Chief of Police

1

Wayne Harper, Officer Tracy Harrison, Officer Trevor Harris, and John Brown. On December 3, 2003, the Defendants contemporaneously filed separate motions to dismiss.[1] Defendant City of Athens filed a motion to dismiss on the following grounds: (1) failure to state a claim upon which relief may be granted, (2) Plaintiff's claims alleged in her complaint do not give rise to a cognizable claim against the City of Athens under 42 U.S.C. §1983, (3) Plaintiff's state law claims for wantonness and plaintiff's intentional state law tort claims premised upon willfulness, maliciousness, and actions taken fraudulently or in bad faith are not maintainable as a matter of law against the City of Athens on account of the bar against such claims contained in ALA. CODE §11-47-190 (1975), (4) Defendant has both statutory discretionary function immunity under ALA. CODE § 6-5-338(a) (1975) and common law discretionary function immunity under § 875D of the Restatement 2d of Torts as to the Plaintiff's state law claims alleging negligence in training or supervision under ALA. CODE § 6-5-338(b) (1975), (5) Since the officers or employees of the City would have discretionary function immunity in connection with the training and supervision of the police officers involved in the matters alleged in the complaint, the Defendant City of Athens is not subject to

---

[1] The motions to dismiss filed by the other four remaining Defendants (Chief of Police Harper, Officer Tracy Harrison, Officer Trevor Harris, and John Brown) are the subject of separate pending motions to dismiss filed contemporaneously with the motion to dismiss regarding Defendant City of Athens.

vicarious liability, (6) Defendant City of Athens is entitled to substantive immunity from Plaintiff's state law tort claims, (7) Defendant City of Athens has no liability for Plaintiff's state law tort claims alleged in the complaint on account of the interplay between ALA. CODE §§11-47-190 and 6-5-338 (1975), (8) Plaintiff's state law tort claims alleged against the Defendant City of Athens would be barred by the prohibition against the assertion of intentional tort claims against the municipality in ALA. CODE §11-47-190 (1975), (9) Plaintiff's claims premised on an alleged violation of ALA. CODE §14-6-105 (1975) did not survive the death of Plaintiff's decedent and are merged into the Plaintiff's wrongful death claim under ALA. CODE §6-5-410 (1975), (10) Plaintiff has no maintainable claim under ALA. CODE §14-6-105,(1975).

## II.  Standard of Review

### A.  Motion To Dismiss

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." Murphy v. FDIC, 208 F.3d 959, 962 (11th Cir. 2003) (quoting Kirby v. Siegelman, 195 F. 3d 1285, 1289 (11th Cir. 1999)). Unless it appears beyond doubt that the Plaintiffs could prove no set of facts entitling them to relief, neither the complaint nor any count therein may be

dismissed.  Conley v. Gibson, 335 U.S. 41, 45-36 (1957); Harris v. Proctor & Gamble Cellulose, 73 F. 3d 321, 324 (11th Cir. 1996).

### III.  Allegations of Complaint[2]

The complaint alleges that "on August 18, 2002, Officer Trevor Harris arrested Anthony McLemore, and placed him in the Athens City Jail on the charges of Unlawful Possession of Controlled Substances, a felony." (Complaint, ¶ 11.)  According to the complaint, "under Alabama law, a person cannot have a signature bond for a felony, and he must go through the county jail." (Complaint, ¶ 12.)  The complaint alleges that "Anthony McLemore was already on probation at the time of his arrest."  (Complaint, ¶ 13.)  Plaintiff alleges that "the arrest violated the terms of Anthony McLemore's probation."  (Complaint, ¶ 14.)  Plaintiff also alleges that "Anthony McLemore's parole officer, Bruce Graham, was notified of Anthony McLemore's arrest." (Complaint, ¶ 15.)  The complaint alleges that, "Bruce Graham placed a hold on McLemore, meaning he should not be released from the jail because of the terms of his parole." (Complaint, ¶ 16.)  The complaint also alleges that, "the Defendants, Trevor Harris and Tracy Harrison of the Athens Police Department, worked out an agreement with

---

[2] The Court understands that the allegations set forth in the Complaint are strictly those of the Plaintiff. Given the standard of review, the Court must accept such allegations as true for the purpose of granting or denying a motion to dismiss.

Anthony McLemore where he agreed to cooperate by setting up a drug dealer, John David Brown." (Complaint, ¶ 17.) According to the complaint, "Anthony McLemore agreed to cooperate in exchange for leniency or not being charged." (Complaint, ¶ 18.) The Plaintiff alleges that, "Anthony McLemore has helped the Athens Police Department in the past on some drug cases in exchange for consideration." (Complaint, ¶ 19.) According to the complaint, "Anthony McLemore was released from the jail on his own recognizance; he did not have to post any bond." (Complaint, ¶ 20.) The complaint alleges that, "Harris and Harrison approved of McLemore's release." (Complaint, ¶ 21.) According to the complaint, "Bruce Graham never gave the Athens Police Department permission to release Anthony McLemore." (Complaint, ¶ 22.) Plaintiff alleges that, "Harris and Harrison sent Anthony McLemore to set up a buy from John Brown." (Complaint, ¶ 23.) According to the complaint, "Standard protocol is to search the informant and then wire him. The informant is followed within a few blocks of the deal and the transaction is listened to in case something goes bad." (Complaint, ¶ 24.)

Plaintiff contends in her complaint that before McLemore was sent to "set up" the buy from Brown, the officers were warned that Brown would attempt to kill McLemore "for trying to set him up for criminal prosecution." (Complaint,

¶ 25.) The complaint alleges that the officers "ignored the warnings and sent Anthony anyway." (Complaint, ¶ 26.) The complaint alleges that no "arrangements were made to protect Anthony." (Complaint, ¶ 27.) Plaintiff alleges that McLemore was killed by Brown "on August 20, 2002, for trying to set him up." (Complaint, ¶ 28.)

According to the complaint, "Anthony McLemore would be alive today if the defendants had heeded the warnings and never released him." (Complaint, ¶ 29.) Plaintiff further alleges that McLemore "would also be alive today if the defendants had followed proper protocol." (Complaint, ¶ 30.) The complaint alleges that "Defendants Athens and Harper negligently, wantonly, and with deliberate indifference, supervised and improperly trained the jail staff and the officers. (Complaint, ¶ 32.) The Defendants were well aware of the lack of safety and supervision, which led to Anthony McLemore's death. (Complaint, ¶ 33.)

### IV. Applicable Substantive Law and Analysis

#### A. <u>Plaintiffs Claims Under 42 U.S.C. § 1983 As To Defendant City of Athens</u>

Defendant City of Athens has moved the Court to dismiss the Plaintiff's claims alleged against it under 42 U.S.C. § 1983 for failure to state a maintainable claim, the Plaintiff's claims alleged in her complaint do not give rise to a

cognizable claim against the City of Athens under 42 U.S.C. §1983 and under Monell v. Dept. of Social Services, 436 U.S.658 (1978).

A municipality may only have liability under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983 ." Monell v. Dept. of Social Services, 436 U.S.658,694 (1978). Plaintiff alleges that the City of Athens has liability for the matters at issue in this case under the "final policymaker" theory of liability recognized under Monell. The Plaintiff alleges in her complaint that ". . . Chief Wayne Harper [was] the final decision maker[] for the policies and customs that lead to the death of Anthony Ryan McLemore." (Complaint, ¶31). Any consideration of Monell liability under a "policymaker" theory is conducted in accordance with the following instructions from the Supreme Court:

> First, ...municipalities [are] liable under [section] 1983 only for the acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered." Second, only those municipal officials who have "final policymaking authority" may by their actions subject the government to [section] 1983 liability. Third, whether a particular official has "final policymaking authority" is a question of state law. Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business.

City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (citations omitted) (emphasis in original) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469 (1986)). In addition to these principles, the Supreme Court in Pembaur recognized that a governmental employee is not a "policymaker" simply because he may have been delegated the authority to exercise discretion in the performance of particular job functions. Pembaur, 475 U.S. at 481-82 (1986) ("[We hasten to emphasize that not every decision by municipal officers automatically subjects the municipality to [section] 1983 liability ....The fact that a particular official-even a policymaking official - has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of the discretion."); see also Floyd v. Waters, 133 F.3d 786, 793-794 (11th Cir. 1998) ("[T]he mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority.") (quoting Mandel v. Doe, 888 F.2d 783, 792 (11th Cir. 1989).

    The Supreme Court in Praprotnik made clear that a governmental employee who has been delegated the authority to make discretionary decisions is not a "policymaker" if his decisions are constrained by official policies or if they are subject to review. City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); see also Mandel, 888 F.2d at 792 (11th Cir. 1989) (to have final policymaking

authority, "the subordinate's discretionary decisions [must] not [be] constrained by official policies and . . . not subject to review"). Accordingly, Pembaur and Praprotnik stand for the proposition that a governmental employee, such as a police chief, is not a "policymaker" unless he possesses final, unconstrained, and unreviewable policymaking authority under state law.

Under Alabama law, the policymaking authority of a municipality is vested in the Mayor and the City Council. See §11-43-81, Code of Alabama (1975) ("The mayor shall be the chief executive officer, and shall have general supervision and control of all other officers and affairs fo the city or town...."); §11-43-43, Code of Alabama (1975) ("All legislative powers and other powers granted to cities and towns shall be exercised by the council...."). The Chief of Police of a municipality under Alabama law is expressly subordinate to the City Council. See §11-43-5, Code of Alabama (1975) ("The council may provide for a tax assessor, tax collector, chief of police and chief of the fire department and shall specifically prescribe their duties."). The Eleventh Circuit has specifically recognized that the Mayor and the City Council of municipalities in Alabama are the sole policymakers for Monell liability purposes. See Church v. City of Huntsville, 30 F.3d 1332, 1343 (11th Cir. 1994) ("The plaintiffs concede that, under Alabama law, final policymaking authority rests with the entire five member

city council and the mayor ....").

Plaintiff's attempt to posit liability in this action against Defendant City of Athens arising out of the alleged acts or omission of Defendant Harper is nothing more than an attempt to impose vicarious liability upon the City under 42 U.S.C. §1983.  Under <u>Monell v. Dept. of Social Services</u>, 436 U.S.658,694 (1978), such liability is impermissible.

Accordingly, Defendant City of Athens motion to dismiss as to Plaintiff's claims under 42 U.S.C. §1983 is due to be **GRANTED**.

### B. <u>**Plaintiff's Intentional State Law Tort Claims Against City of Athens**</u>

In her complaint in this case, Plaintiff seeks to premise her wrongful death claim in this action, in part, upon the alleged wanton, malicious, willful, fraudulent and bad faith actions of the individual defendants. (Complaint, ¶ 46). The Defendant asserts that tort claims against a municipality based upon intentional conduct are not maintainable given the limitation of liability under §11-17-190 to negligence-based claims only.  Plaintiff concedes in her Brief In Opposition that she does not maintain that the intentional state tort claims and her claims for wantonness are maintainable against the City of Athens. (Plaintiff's Brief in Opposition at p. 40).  Since §11-17-190 bars any claims against a municipality premised on conduct other than negligence, and Plaintiff concedes

to such limitation, Plaintiff's attempts to premise wrongful death liability under ALA. CODE §6-5-410 (1975) on wanton, willful, malicious, fraudulent or bad faith actions on any agent or employee of the City of Athens does not constitute a maintainable basis for liability in this action.

Accordingly, Defendant City of Athens motion to dismiss as to Plaintiff's intentional state law tort claims is due to be **GRANTED**.

### C. Plaintiff's State Law Tort Claims for Negligence Arising Out of the Supervision and Training of Police Officers and Jailers

Plaintiff alleges that the "City of Athens is responsible itself for negligently training and supervising its employees." (Complaint, ¶ 46). Defendant City of Athens asserts that Plaintiff's claims do not constitute maintainable claims against the City of Athens as a matter of law. Defendant City of Athens asserts that because Chief Harper is entitled to discretionary function immunity from such claims, the City can have no liability premised on his alleged negligent conduct for two separate and independent reasons.

First, under principles of vicarious liability, where a municipal employee enjoys common law discretionary function immunity or statutory immunity under § 6-5-338(a), Code of Alabama 1975, the municipality likewise can have no liability for claims based on the employee's conduct. § 6-5-338(a), Code of

11

Alabama (1975). See City of Bayou La Batre v. Robinson, 785 So.2d 1128, n. 3 (Ala. 2000). See also Roden v. Wright, 646 So.2d 605, 611 (Ala. 1994); Gore v. City of Hoover, 559 So.2d 163, 165 (Ala. 1990). Since any officer or employee of the City of Athens who was engaged in the hiring, training, supervision or retention of the police officer who arrested the plaintiff would have both common law discretionary function immunity and immunity under ALA. CODE § 6-5-338(a)1975, the City can have no vicarious liability arising out of their acts or omissions. Under Alabama law, a principal can only be held liable on the basis of respondeat superior if liability is found on the part of the agent. See United Steel Workers of America v. O'Neal, 437 So.2d 101 (Ala. 1983); Larry Terry Contractors, Inc. v. Bogle, 404 So.2d 613 (Ala. 1981). Overall, where a public officer is shielded by discretionary function immunity, the officer's governmental employer also is immune from respondeat superior liability.

Second, the City is entitled to statutory discretionary function immunity itself under ALA. CODE §6-5-338(b)(1975) premised upon any acts or omission of any City of Athens employees who were allegedly negligent in the hiring, training, supervision or retention of the police officers who arrested the Plaintiff in this case. Section 6-5-338 states that it "is intended to extend immunity...to peace officers and governmental units or agencies authorized to appoint peace officers."

ALA. CODE §6-5-338(b) (1975).  Courts interpreting §6-5-338 have recognized that the statute directly vests a municipality with the same immunity afforded to its police officers.  See Ex Parte City of Gadsen, 781 So.2d 936, 940 (Ala. 2000)("[W]e conclude that in making that decision [to pursue a suspect rather than secure an accident scene] Officer Arnold was performing a discretionary act and that ALA. CODE §6-5-338(a) (1975), gave him immunity from liability.  The plain language of ALA. CODE §6-5-338(b) (1975), extends that discretionary-function immunity to the City.") (citation omitted); Richards v. Southeast Alabama Youth Services Division Center, 105 F.Supp. 2d 1268, 1282 (M.D. Ala. 2000) ("The statutory provision which governs discretionary function immunity for peace officers has been extended in Alabama to the municipality which employs the peace officer.")

The fact that Plaintiff asserts that the City, through its supervisory personnel, was negligent in the training, supervision, and monitoring of City of Athens police officers, does not in any way deprive the City of immunity under §6-5-338(b), given the discretionary nature of the functions discharged.  See City of Birmingham v. Sutherland, 834 So.2d 755, 762 (Ala. 2002) ("Allegations of negligence are not sufficient to remove the immunity the City is provided for Officer Wooten's performance of a discretionary function."); see also Hardy v.

Town of Hayneville, 50 F.Supp.2d 1176, 1199 (M.D.Ala. 1999) ("Though Section 11-47-190 allows recovery against a municipality for injuries resulting from 'neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality' when acting in the line of his or her duty, §6-5-338 grants immunity from claims based on negligence.")

Accordingly, Defendant City of Athens' motion to dismiss as to Plaintiff's state law tort claims for negligence arising out of the supervision and training of police officers and jailers is due to be **GRANTED**.

### D. Plaintiff's Claims Under §14-6-105, Code of Alabama (1975)

Plaintiff alleges in her complaint a claim under ALA. CODE §14-6-105 (1975) against Defendant City of Athens. Section 14-6-105 is an Alabama state statute which provides that jails in which prisoners are confined are required to have a "deputy, watchman or attendant, whose duty it shall be to watch the jail or prison at night for the prevention of escapes and fire and to aid in case of sickness among the prisoners, and who shall have access to the jail or prison and to the prisoners." Plaintiff contends that Anthony Ryan McLemore "comes within the purview and protection of the above ordinance by virtue of the fact that he was an informant for the City of Athens Police Department, which was overseen by the defendants." (Complaint, ¶ 40.) Plaintiff alleges that the defendants violated

14

Section 14-6-105 by failing to provide the supervision mandated under §14-6-105, constituting negligence per se.

Plaintiff has no maintainable claim under §14-6-105 for two reasons. First, any such claim did not survive the death of Plaintiff's decedent and Plaintiff's sole claim arising out of the death of Anthony McLemore is a wrongful death claim under ALA. CODE §6-5-410 (1975). Second, such statute does not provide a private right of action against any of the defendants in this action in any event.

It is not clear as to whether Plaintiff intends for this claim to be actionable under §1983 or contends for this claim to give rise to some state law cause of action. Nevertheless, any such supported claim did not survive the death of Anthony Ryan McLemore in any event. Since §1983 does not provide for the survival of claims, federal courts turn under 42 U.S.C. §1988 to state law to fill this gap. Section 1988 directs federal courts to turn to "the common law, as modified and changed by the constitution and statutes of the [forum] state," as long as these are "not inconsistent with the Constitution and laws of the United States" when federal law is deficient in provisions necessary to furnish suitable remedies. In Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961), the then Fifth Circuit interpreted that Section 1988 and held that in the absence of a federal survivorship law, courts should look to state survivorship law.

The Alabama Supreme Court has held that, under the statute ALA. CODE §6-5-462 (1975), "an unfiled tort claim does not survive the death of the person with the claim."  McDuffie v. Hopper, et al., 982 F.Supp. 817 (M.D. Ala. 1997)(quoting Malcolm v. King, 686 So.2d 231 (Ala. 1996)).  However, the statute has been held not to abate actions for wrongful death.  Mattison v. Kirk, 497 So.2d 120 (Ala. 1986), overruled on other grounds, King v. National Spa & Pool Inst., Inc., 607 So.2d 1241 (Ala. 1992).  The Plaintiff has not presented any facts that a claim under §14-6-105 was filed prior to the death of Anthony Ryan McLemore.  Therefore, this court holds that Plaintiff's claims under §14-6-105, which were not filed at the time of Anthony Ryan McLemore's death, abated upon his death.  However, Plaintiff's sole claim arising out of McLemore's death in this action is a wrongful death claim under ALA. CODE §6-5-410 (1975).

Further, Plaintiff has no maintainable claim under §14-6-105 because there is no authority providing for a private right of action for any alleged violation of that code provision. Absent any such authority, no such cause of action exists. See Roberts v. City of Geneva, 114 F.Supp. 2d 1199, 1215 (M.D. Ala. 2000)(quoting Leonard v. Enterprise Rent A Car Co., 38 F.Supp. 2d 982, 984 (M.D. Ala. 1999) ("A federal court may not read a private cause of action into a state statute absent 'clear and specific evidence' that the legislature intended to

authorize such cause of action.")) There is no language contained in §14-6-105 which indicates that a private right of action for money damages for violation of that code provision is authorized or available. In addition, Plaintiff does not cite any authority creating a private cause of action for violations of ALA. CODE §14-6-105 (1975). Accordingly, Defendant City of Athens's motion to dismiss as to Plaintiff's alleged claims under §14-6-105 is due to be **GRANTED**.

### D. Wrongful Death Claim

The Plaintiff asserts a wrongful death claim under ALA. CODE §6-5-410 (1975). The Plaintiff alleges that the "City of Athens is not only responsible for the actions of its agents under respondent superior, but the City of Athens is responsible itself for negligently training and supervising its employees." (Complaint, ¶ 46). As noted above, the Alabama Supreme Court has held that, under ALA. CODE §6-5-462 (1975), "an unfiled tort claim does not survive the death of the person with the claim." McDuffie v. Hopper, et al., 982 F.Supp. 817 (M.D. Ala. 1997)(quoting Malcolm v. King, 686 So.2d 231 (Ala. 1996)). However, the statute has been held not to abate actions for wrongful death. Mattison v. Kirk, 497 So.2d 120 (Ala. 1986), overruled on other grounds, King v. National Spa & Pool Inst., Inc., 607 So.2d 1241 (Ala. 1992). Therefore, Plaintiff's sole claim arising out of McLemore's death in this action is a wrongful death

claim under ALA. CODE §6-5-410 (1975). Although Plaintiff's wrongful death claim under ALA. CODE §6-5-410 (1975) does survive McLemore's death, Defendant City of Athens is entitled to immunity under statutory discretionary function immunity (ALA. CODE § 6-5-338(b) (1975)) as discussed in Section C.

Accordingly, Defendant City of Athens' motion to dismiss as to Plaintiff's wrongful death claim under §6-5-410 is due to be **GRANTED**.

### E. Plaintiff's Claims Under Principles of Agency Law

In the complaint, Plaintiff asserts that "John Brown was the agent of the Co-Defendants and/or they ratified his conduct." (Complaint, ¶ 49). It is not clear from Plaintiff's complaint whether Plaintiff is asserting that John Brown was an agent of Defendant City of Athens. In addition, Plaintiff does not address in her brief the allegation that Brown was an agent of Defendant City of Athens. The Plaintiff has not pled a set of facts to maintain that Brown was an agent of the Defendant City of Athens. To the extent that Plaintiff asserts that Brown was the agent of Defendant City of Athens, the Court finds that Brown was not the agent of Defendant City of Athens under principles of agency law. Accordingly, Plaintiff's claims under principles of agency law as to Defendant City of Athens are due to be **DISMISSED**.

### V. Conclusion

For the reasons set forth above, the Defendant's motion to dismiss is due to be **GRANTED**. This opinion shall be carried out by a separate Order.

**DONE** and **ORDERED** this 19th day of May, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge